UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ANTHONY D. HOGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-785-JD-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Anthony D. Hogan, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing (ISP 16-111-300) at the Indiana State Prison on December 2, 2016, where a Disciplinary Hearing Officer (DHO) found him guilty of Threatening in violation of Indiana Department of Correction policy B-213. ECF 1 at 1. As a result, he lost 60 days earned credit time and was demoted from a Credit Class 1 to Credit Class 2. *Id.*

In his petition, Hogan argues there are two grounds which entitle him to habeas corpus relief. In the first ground, he claims there is no evidence to support the Conduct Report or the DHO's findings that he threatened Officer K. Wilson when she was securing inmates on 100 East of CCH on November 29, 2016. ECF 1 at 2-3. Here, Hogan asserts that, while he and Officer Wilson "exchanged words," she deliberately attempted to provoke him when she walked past six other inmates in order to follow

him to his cell and spoke to him using vulgar language. ECF 1 at 3. He contends that prison video evidence corroborates his version of the incident. *Id*.

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, the Conduct Report charged Hogan as follows:

On November 27, 2016, at approximately 12:50 pm, the CCH buzzer was sounded and time to secure was announced over the P.A. System. At approximately, 1:15 pm, I, Officer K. Wilson asked Offender Hogan (875553) (CE116) to step into his cell. Offender Hogan then called me a "Bitch" and told me he has 100 years. I then asked Offender Hogan to step in again; and then he called me another "Bitch" and told me he wasn't

2

securing, while walking up to me aggressively. I immediately signaled for Sgt. Lott to come asap. Offender Hogan then told me to call whoever I need to; while still standing face to face with me. Offender Hogan was then escorted off the unit by Sgt. Lott and taken to IDU East 130. This conduct report stands as written.

ECF 1-1 at 1. As is relevant here, the IDOC defines Threatening, offense B-213, as "communicating to another person a plan to physically harm, harass, or intimidate that person or someone else." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The DHO's finding that Hogan was guilty was neither arbitrary nor unreasonable in light of the evidence in the Conduct Report. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. The DHO had sufficient evidence to find Hogan guilty of violating offense B-213. Here, Hogan's threatening demeanor of aggressively walking up to Officer Wilson and standing face to face with her after she asked him to step into his cell, coupled with his use of the word "Bitch" and his comment that he has 100 years of prison time to serve, constitute "some evidence" that Hogan was guilty of violating offense B-213. Contrary to Hogan's assertion that Officer Wilson deliberately provoked him, the DHO's review of the video evidence corroborates the incident as described by Officer Wilson in her Conduct Report. ECF 1-1 at 7. Therefore, the first ground is not a basis for habeas corpus relief.

In the second ground, Hogan argues that his due process rights were violated because he was denied an impartial hearing. ECF 1 at 2. Here, Hogan asserts that the DHO's boilerplate statement that the "Conduct report supports the charge. I am

finding him guilty" constitutes the "best evidence" of the DHO's bias because it is "her own words." ECF 1 at 4. Thus, Hogan claims that the DHO's statement is "merely a rote recitation designed to give the impression and appearance of impartiality" because there is no evidence that he threatened Officer Wilson. *Id.*

In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

Contrary to Hogan's assertions, there is no competent evidence that the DHO was dishonest or partial. Here, Hogan believes that the DHO was generally biased, but there is no indication that she was involved in any way in the events underlying the charge. He appears to believe the hearing officer was not impartial because the officer made adverse rulings against him. But adverse rulings alone do not establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Therefore, the second ground does not entitle him to habeas relief.

For these reasons, the petition is DENIED pursuant to Section 2254 Habeas Corpus Rule 4 and the clerk is directed to CLOSE this case.

SO ORDERED on February 1, 2018.


             /s/ JON E. DEGUILIO
            JUDGE
            UNITED STATES DISTRICT COURT